UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL GONZALEZ ALMANZA (A-044-214-338),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,[1]

Respondents.

No.  1:26-cv-2914 DAD CSK

ORDER

Petitioner, an immigration detainee proceeding without counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and filed a request for appointment of counsel. Petitioner paid the filing fee.  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

Petitioner, a citizen of Mexico, obtained his legal permanent residence in 1993, and has been detained since March 21, 2026.  (ECF No. 1 at 2.)  On April 23, 2026, the district court denied petitioner's motion for temporary restraining order adopting its analysis in Buckley v.

[1]  Christopher Chestnut, the Warden of the California City Detention Center is substituted for Marcos Charles as respondent.  See Fed. R. Civ. P. 25(d); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

1

Chestnut, 2026 WL 1030931 (E.D. Cal. Apr. 16, 2026), where it found that the petitioner had not exhausted his administrative remedies as to his challenge to his detention pursuant to § 1226(c) where he had not yet received a "Joseph hearing," concluding that petitioner failed to exhaust his administrative remedies or showed that the exhaustion requirement should be waived in this case.[2]  (ECF No. 11.)

On April 22, 2026, respondents filed an answer to the habeas petition, along with their opposition to the motion for temporary restraining order, and argue this case should be dismissed based on petitioner's failure to exhaust his administrative remedies.  (ECF No. 10.)  Respondents pointed out that petitioner has sustained a conviction for vehicular manslaughter.  (Id. at 1.)  Petitioner did not file an opposition to respondents' motion to dismiss.  (See Docket.)

Considering the district court's order, petitioner is ordered to show cause why this action should not be dismissed without prejudice based on petitioner's failure to exhaust his administrative remedies.  Petitioner is cautioned that failure to timely respond to this order will result in a recommendation that this action be dismissed based on his failure to exhaust administrative remedies.

This Court defers ruling on petitioner's request for appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, petitioner shall show cause why this action should not be dismissed based on petitioner's failure to exhaust his administrative remedies.  A reply by respondents to petitioner's response, if any, is

---

[2]  As the district court stated, a "Joseph hearing" is a procedure established in Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999).  (ECF No. 11.)  In Buckley, the district court provided the Supreme Court's explanation of a "Joseph hearing."  Buckley, 2026 WL 1030931 at *3 n.2.

> This "Joseph hearing" is immediately provided to a detainee who claims that he is not covered by § 1226(c). At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention.

Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).  In order to exhaust his administrative remedies, petitioner must seek a "Joseph hearing" and, if appropriate, pursue an appeal to the BIA.  Buckley, 2026 WL 1030931 at *3-4.

due within 7 days after being served with the response.

2. Each party proceeding without counsel shall keep the court informed of the current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties.  Service of documents at the address of record for a party is fully effective.  L.R. 182(f).

3. The Clerk of the Court is directed to substitute Christopher Chestnut, the Warden of the California City Detention Center, for Marcos Charles as respondent.

Dated:  April 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/gonz2914.osc

3